UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAHBU BEHLIN,
       PLAINTIFF

-AGAINST-

RITE AID PHARMACY STORE, VICTOR GONZALEZ,
MALCIAL TUERO, DAMION BROWN, GARFIELD MEAD,
AND VICTOR REYES INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,
       DEFENDANTS.
------------------------------------------------------------X

COMPLAINT
UNDER THE CIVIL
RIGHTS ACT, 42
U.S.C. 1983

JURY TRIAL: YES

18 CV 4335

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought up pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

2. parties in this complaint:

A. Plaintiff: Rahbu Behlin, Din No. 17-A-1400

   Current Institution Bare Hill Correctional Facility

   Address Caller Box 20, 181 Brand Road

             Malone, New York, 12953

B. Defendant No.1 Name Felix Luna

   Where Currently Employed UnKnown

   Address Rite Aid Pharmacy Store #4185

             3539 145 Street W. Broadway

             New York, New York, 10031

C. Defendant No. 2 Name Jermaine Williams

Where Currently Employed  Unknown

Address Rite Aid Pharmacy Store #4185

3539 145 Street W. Broadway

New York, New York, 10031

D. Defendant No. 3 Name Victor Gonzalez

Shield #16688

Where Currently Employed 30 Precinct

Address 451 W. 151 Street

New York, New York, 10031

E. Defendant No. 4 Name Malcial Tuero

Shield #17578

Where Currently Employed 30 Precinct

Address 451 W. 151 Street

New York, New York, 10031

F. Defendant No. 5 Name Damion Brown

Shield #03928

Where Currently Employed 30 Precinct

Address 451 W. 151 Street

New York, New York, 10031

G. Defendant No. 6 Name Garfield Mead

Shield #28074

Where Currently Employed 30 Precinct

Address 451 W. 151 Street

New York, New York, 10031

H. Defendant No. 7 Name Victor Reyes

   Shield #8568

   Where Currently Employed 30 Precint

   Address 451 W. 151 Street

   New York, New York, 10031

3. Statement of Claim:

A. In what institution did the events giving rise to your claim(s) occur?

   Not Applicable.

B. Where in the institution did the events giving rise to your claim(s) occur?

   Not Applicable.

C. What date and approximate time did the events giving rise to your claim(s) occur?

   On June 20, 2015, at approximately 2:40 P.M.

D. Facts: Plaintiff was unlawfully detained and assaulted by two men who later was identified as Rite Aid Pharmacy Store employees. During plaintiff's detention and arrest process, plaintiff's request for medical attention was ignored.

   1. On June 20, 2015, at approximately 2:40 p.m., plaintiff was outside the Rite Aid Pharmacy Store.

   2. The defendant Jermaine Williams approached and grabbed plaintiff by his right arm from behind plaintiff and demanded that plaintiff "Give me my stuff."

3. Plaintiff responded to the unidentified defendant that "I don't have anything of yours."

4. The defendant Jermaine Williams continued to grab and hold plaintiff, to "Give him back his stuff."

5. The defendant Jermaine Williams then stated, "I called the police, the're on their way."

6. Plaintiff removed merchandise from his bag, throwing the items on the ground.

7. Plaintiff then proceeded to walk away crossing the street.

8. The defendants Jermaine Williams and Felix Luna both approached the plaintiff between 145 and 146 street and Broadway.

9. The defendants Jermaine Williams and Felix Luna attempted to grab plaintiff.

10. Plaintiff removed a pair of manicure scissors in an attempt to keep the defendants Jermaine Williams and Felix Luna from grabbing plaintiff.

11. The defendants Jermaine Williams and Felix Luna continued to follow plaintiff to 146 street and Broadway.

12. The plaintiff crossed over to the uptown side of 146 street and Broadway.

13. The defendant Felix Luna ran accross the Avenue and picked up a New York city garbage can.

14. The defendant Felix Luna threw the garbage can at the plaintiff, striking plaintiff on his left hip and left leg with the garbage can.

15. At about 2:49 p.m. plaintiff was arrested on 146th street and Amsterdam inside a cab.

16. Plaintiff had informed the defendants Victor Gonzalez and Damion Brown that the defendant Felix Luna had threw a garbage can at the plaintiff, striking plaintiff on his left hip and leg.

17. Plaintiff had informed the defendants victor Gonzalez and Damion Brown that plaintiff requested medical attention.

118. The defendants Victor Gonzalez and Damion Brown ignored plaintiff's request for medical attention.

19. At about 2:49 p.m. at the 30 Precinct the plaintiff had requested medical attention from the defendant Victor Reyes during the arrest process.

20. Plaintiff had informed the defendant Victor Reyes that plaintiff was hit with a garbage can prior to his arrest.

21. Plaintiff's request for medical attention was ignored.

22. At about 4:00 p.m. at the 30 Precinct the plaintiff had informed the defendants Victor Gonzalez, Malcial Tuero, Damion Brown, and Garfield Mead that plaintiff needed medical attention.

23. Plaintiff's request for medical attention was ignored by the defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

24. The defendants Felix Luna and Jermaine Williams unlawfully detained plaintiff.

### SECOND CAUSE OF ACTION

25. The defendant Jermaine Williams committed assult and battery by unlawfully touching plaintiff.

### THIRD CAUSE OF ACTION

26. 26. The defendant Felix Luna assaulted plaintiff by striking plaintiff with a garbage can.

27. As a result of the assault, plaintiff suffered a hip injury.

FOURTH CAUSE OF ACTION

28. The Defendants Victor Gonzalez, Malcial Tuero, Damion Brown, Garfield Mead, and Victor Reyes excercised deliberate indifference to plaintiff's health when they ignored plaintiff's plea for medical attention.

28. As a result of the denial of medical attention, plaintiff's injury was not discovered for almost two years later, resulting in plaintiff to suffer chronic pain.

4. Injuries: Plaintiff received a permanent hip injury.

5. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No  X

-8-

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). __Not Applicable__

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _X_   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ___   No _X_   Do Not Know ___

If YES, which claim(s)? __Not Applicable__

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ___   No _X_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ___   No _X_

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? __Not Applicable__

1. Which claim(s) in this complaint did you grieve? __Not Applicable__

2. What was the result, if any? __Not Applicable__

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. __Not Applicable__

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: __My Complaint against the defendants are Not grievable.__

2. If you did not file a grievance but informed any officials of your claim, state who you informed,

Rev. 05/2010                                   4

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff __Not Applicable.__

Defendants __Not Applicable.__

2. Court (if federal court, name the district; if state court, name the county) __Not Applicable.__

3. Docket or Index number __Not Applicable__

4. Name of Judge assigned to your case __Not Applicable.__

5. Approximate date of filing lawsuit __Not Applicable__

6. Is the case still pending? Yes ____ No _X_

If NO, give the approximate date of disposition __Not Applicable.__

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) __Not Applicable.__

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____ No _X_

[other claims]

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff __Not Applicable.__

Defendants __Not Applicable.__

2. Court (if federal court, name the district; if state court, name the county) __Not Applicable.__

3. Docket or Index number __Not Applicable.__

4. Name of Judge assigned to your case __Not Applicable.__

5. Approximate date of filing lawsuit __Not Applicable.__

6. Is the case still pending? Yes ____ No _X_

If NO, give the approximate date of disposition __Not Applicable.__

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) __Not Applicable.__

when and how, and their response, if any: <u>Not Applicable.</u>

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

<u>Not Applicable.</u>

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). <u>Plaintiff pray for Judgment in his favor against all the defendants. Plaintiff request $5,000,000.00 million dollars as compensatory damages. Past and future pain and suffering, past and future medical expenses.</u>

VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No <u>X</u>

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20 day of May, 2018

Signature of Plaintiff: Behew Rababa

Inmate Number: 17-A-1400

Institution Address: Bare Hill Correctional Facility, Caller Box 20, 181 Brand Road, Malone, N.Y., 12953

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 20 day of May, 2018, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Behim Rukby

SWORN TO BEFORE ME THIS

20 DAY OF May, 2018

*Brian J. Benware*
NOTARY PUBLIC

Sign: Behiw Baby
Print Name: Behlin Ramay
DIN #: 17A1400

BRIAN J BENWARE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BE6334240
QUALIFIED IN FRANKLIN COUNTY
COMMISSION EXPIRES DECEMBER 14, 2019 (BB)

# VERIFICATION

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF FRANKLIN   )

I _Rahbu Behlin_, being duly sworn, says:

I am the claimant above named; I have read the foregoing claim against the State of New York and know its contents; the same is true to my knowledge, except as to the matter therein stated to alleged on information and belief, and as to those matter, I believe it to be true.

_Behlin Rahby_
_Rahbu Behlin_
_17A1400_

Sworn to before me on this
20 day of May, 2018

_Brian J Benware_
Notary          Public

BRIAN J BENWARE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BE6334240
QUALIFIED IN FRANKLIN COUNTY
COMMISSION EXPIRES DECEMBER 14, 20 19  BB

[Lo]u Behlin Din No. 17-A-1400
[Bare] Hill Correctional Facility
[P.O.] Box 20, 181 Brand Road
[Malone], New York, 12953

Pro Se
SM
Southern District Court
Daniel Patrick Moyniban U.S. Courthouse
500 Pearl Street
New York, N.Y., 10007-1312

RECEIVED
MAY 29 2018
CLERK'S OFFICE