UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHBU BEHLIN,

                Plaintiff,

           -v. -

RITE AID PHARMACY STORE, et al.,

                Defendants.

18 Civ. 4335 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

      On July 21, 2020, the Court received Plaintiff's letter requesting permission to file an application for pro bono counsel (Dkt. #64), and by Order dated July 24, 2020, the Court granted Plaintiff's request to file an application for appointment of pro bono counsel (Dkt. #65). Plaintiff submitted his application for pro bono counsel on August 20, 2020. (Dkt. #70). For the reasons discussed below, Plaintiff's application for appointment of pro bono counsel is granted in part. The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of pursuing discovery.

      Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. #4 (Order dated June 1, 2018). Plaintiff therefore qualifies as indigent. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v.

*Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61.

The Court has reviewed the Complaint (Dkt. #2); the factual allegations added to the Complaint pursuant to the parties' May 3, 2019 conference (*see* Dkt. #36 (transcript)); the anticipated discovery disputes raised by Plaintiff in his July 21, 2020 letter and accompanying exhibits (Dkt. #64); and Plaintiff's application for appointment of pro bono counsel (Dkt. #70). Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was assaulted by Defendant Rite Aid's employees (acting under color of state law) and when Defendant NYPD officers denied him medical attention. (*See* Dkt. #36). Plaintiff's claims will rise and fall on his ability to depose Defendant police officers and Rite Aid employees, the key participants and witnesses to the alleged misconduct. Because Plaintiff requires multiple depositions to advance his case, and because his claims raise

```
```

complex legal issues such as qualified immunity and the state action doctrine, the Court finds that, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of pursing discovery once the stay in this case is lifted on September 14, 2020.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.  The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.  The Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

If Plaintiff does not want the Court to seek counsel to represent him, he must inform the Court by September 13, 2020.  If Plaintiff does want a volunteer attorney to represent him, the Court requests that he so inform it immediately, so that the case can move forward once the stay is lifted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 24, 2020
        New York, New York

                                              Katherine Polk Failla
                                             United States District Judge

*Sent by First Class Mail to:*
Rahbu Behlin
17-A-1400
Otisville Correctional Facility
P.O. Box 8
Otisville, NY 10963