UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAHBU BEHLIN,<br><br>                              Plaintiff,<br><br>             -v.-<br><br>RITE AID PHARMACY STORE, FELIX LUNA, and JERMAINE WILLIAMS,<br><br>                              Defendants. | 18 Civ. 4335 (KPF)<br><br>**ORDER GRANTING PRO BONO COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

　　The Court previously indicated that it would inquire as to the availability of pro bono counsel to take two depositions on behalf of plaintiff in this matter and to defend plaintiff's deposition. (Dkt. #123 at 31; 117 at 29). Accordingly, the Court hereby directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of taking and defending these depositions in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

　　Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

　　Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. In particular, pro

bono counsel will not be required to respond to a dispositive motion. In the event that Defendants file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of the aforementioned depositions in this case.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated: August 10, 2022
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge